OPINION
{¶ 1} Defendant, Melvin Woods, appeals from his conviction and sentence for domestic violence.
 {¶ 2} Defendant was indicted in Case No. 05-CR-30 on one count of aggravated burglary, R.C. 2911.11, a felony of the first degree, and one count of domestic violence, R.C. 2919.25, a felony of the fourth degree, due to a prior conviction for that offense. Subsequently, Defendant was indicted in Case No. 05-CR-318 on one count of domestic violence, R.C. 2919.25, a felony of the fourth degree, due to a previous conviction for that offense.
 {¶ 2} Pursuant to a plea agreement, Defendant entered pleas of guilty to the domestic violence charge in each case. In exchange, the State dismissed the aggravated burglary charge. The parties also agreed that the sentences would run consecutively. The trial court sentenced Defendant to consecutive eighteen month prison terms and ordered restitution in each case.
 {¶ 3} Defendant has timely appealed to this court from his conviction and sentence.
 FIRST ASSIGNMENT OF ERROR {¶ 4} "THE TRIAL COURT ERRED THE DEFENDANT'S PREJUDICE BY FAILING TO ADDRESS DEFENDANT IN THE MANNER REQUIRED BY CRIMINAL RULE 11."
 {¶ 5} Defendant argues that the trial court did not comply with Crim.R. 11(C)(2)(b) in accepting his guilty pleas because it did not inform him at the plea hearing that upon acceptance of his pleas the court could proceed with judgment and sentence.
 {¶ 6} A trial court need only substantially comply with the nonconstitutional provisions in Crim.R. 11(C)2). State v. Nero
(1990), 56 Ohio St.3d 106, 108. Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. Id. A defendant must also demonstrate that he was prejudiced by a trial court's failure to adhere to Crim.R. 11(C)(2). State v. Stewart (1977), 51 Ohio St.2d 86,93.
 {¶ 7} The record of the plea hearing supports a conclusion that Defendant understood that a presentence investigation report would be prepared before the court imposed sentence, and that after that report was presented the trial court would sentence Defendant to a term of imprisonment on each charge to which the parties had agreed, as part of the plea bargain, would run consecutively, and could total a maximum of thirty-six months. Given that, plus the fact that the trial court did not immediately proceed with judgment and sentence upon accepting Defendant's pleas, but rather ordered a presentence investigation and sentenced Defendant fourteen days later, Defendant has not demonstrated that he was prejudiced by the trial court's failure to literally adhere to Crim.R. 11(C)(2)(b). State v. Manns
(Nov. 30, 2001), Clark App. No. 2000CA58, 2001-Ohio-1822.
 {¶ 8} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 9} "THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY IMPOSING CONSECUTIVE SENTENCES."
 {¶ 10} Defendant argues that the trial court erred when it imposed consecutive sentences, absent the finding required by R.C. 2929.14(E)(4), "that consecutive sentences are not disproportionate to the serousness of the offender's conduct and to the danger the offender poses to the public."
 {¶ 11} The State responds that the court satisfied R.C.2929.14(E)(4) when it found that "the continuing violations of offenses involving causing physical harm caused to the individuals involved in these cases as set forth in the police reports and the medical records would make consecutive sentences proportionate to the offenses involved in these cases." (T. 5-10-05, pp. 9-10). The State argues that the court made the statutory finding required, but stated it instead as a positive finding instead of in the negative conclusion R.C. 2929.14(E)(4) contemplates.
 {¶ 12} We agree that the court's stated finding substantially complies with R.C. 2929.14(E)(4). However, we have also held that substantial compliance is insufficient to satisfy the mandates of R.C. 2929.14. Though literal recitations of the statutory terms isn't required, a more exacting compliance is necessary to conform to the sense of the legislative mandate governing exercise of judicial discretion. Fortunately, those difficulties no longer apply after State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, which relieves the court of any obligation to make findings or state reasons for the sentence the court elects to impose.
 {¶ 13} Foster held that R.C. 2929.14(E)(4) violates the principles announced in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. Id., ¶ 67. Because sentences imposed on the basis of the findings that section requires are unconstitutional, in any case pending on appellate review in which such a sentence was imposed and sentencing error vis-a-vis findings is assigned, the sentence must be reversed and vacated and the case remanded for resentencing. Id.
 {¶ 14} The error which Defendant-Appellant Woods assigns, that his consecutive sentences were improperly imposed because the court failed to make the findings that R.C. 2929.14(E)(4) requires, implicates Foster. However, because the sentences were agreed by the parties, per R.C. 2953.08(D) the consecutive requirement is beyond our appellate review if it was "authorized by law." Id. The consecutive sentence the court imposed was authorized by law because the court was authorized to impose consecutive sentences. R.C. 2929.14 (B)(1).
 {¶ 15} The court made findings to support the consecutive sentences it imposed. That its findings were insufficient to satisfy R.C. 2929.14(E)(4), or that the findings which the court did make offends Foster, is error which R.C. 2958.08(D) nevertheless puts beyond our review. That section constitutes a limitation on our appellate jurisdiction which, per Section3(B)(2), Article IV of the Ohio Constitution, the General Assembly may determine.
 {¶ 16} The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR {¶ 17} "THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY FAILING TO MAKE THE DETERMINATION AS REQUIRED BY REVISED CODE 2929.14(K).
 {¶ 18} Defendant argues that the trial court failed to comply with R.C. 2929.14(K), because at the time of sentencing the court did not determine if Defendant was eligible for placement in a program of shock incarceration, pursuant to R.C. 5120.031.
 {¶ 19} R.C. 2929.14(K) provides that at the time of sentencing the court may recommend the offender for placement in a program of shock incarceration. The recommendation is therefore discretionary, not mandatory. Furthermore, per the statute, the court is free to "make no recommendation on placement of the offender." The statute further provides that if the court does not make a recommendation on placement of the offender, the department of rehabilitation and correction shall
screen the offender and determine if there is an available program of shock incarceration or an intensive program prison for which the offender is suited. If so, the department of rehabilitation and correction must notify the trial court of the proposed placement of the offender, and the trial court has ten days thereafter to disapprove the placement.
 {¶ 20} Defendant was not deprived of any determination to which he was entitled under the statute regarding his eligibility for shock incarceration because, even though the trial court made no recommendation, Defendant will be screened for eligibility by the Department of Rehabilitation and Correction after he arrives at the prison. State v. Dixon (Dec. 28, 2001), Clark App. No. 01CA17, 2001-Ohio-7075; Manns, supra.
 {¶ 21} The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR {¶ 22} "THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY FAILING TO MAKE THE FINDINGS REQUIRED BY REVISED CODE § 2929.19(B)(2)(a)."
 {¶ 23} Defendant argues that the trial court failed to comply with R.C. 2929.19(B)(2) because it did not give its reasons for imposing a prison term for a felony of the fourth degree, (a), give its reasons for imposing consecutive sentences, (c), or give its reasons for imposing maximum sentences, (d).
 {¶ 24} R.C. 2929.14(B)2) states: "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances." Four circumstances, including those in the preceding paragraph, are then identified. Foster declared R.C.2929.19(B)(2) unconstitutional, to the extent that the findings and reasons are required.
 {¶ 25} We have held that, being agreed, the consecutive sentence the court imposed and any error it involved is beyond our jurisdiction to review. With respect to the two other matters of which Defendant complains, the record indicates that the court stated its reason for imposing a prison term. (T. 9). However, the court did not state its reason for imposing maximum sentences. Because those matters implicate the holding ofFoster, we necessarily will reverse and vacate the sentences imposed and remand the case for resentencing.
 {¶ 26} The fourth assignment of error is sustained.
 FIFTH ASSIGNMENT OF ERROR {¶ 27} "THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY FAILING TO FULFILL THE REQUIREMENTS MANDATED BY REVISED CODE § 2929.19(B)(3)"
 {¶ 28} Defendant argues that the trial court failed to comply with R.C. 2929.19(B)(3) because, at the sentencing hearing, the court did not inform him about post release control or the possible consequences of violating any post-release requirements or prison rules while he is incarcerated, which the court is required by R.C. 2929.19(B)(3)(b), (d) and (e) to do. While these statutes contemplate that Defendant will be notified about those matters by the trial court during the sentencing hearing, the record in this case clearly demonstrates that the trial court did advise Defendant about all of these matters during the plea hearing. Defendant has not suggested, much less demonstrated, that he suffered any prejudice as a result of being informed about these matters at the time he entered his guilty pleas rather than at the time of sentencing.
 {¶ 29} With respect to the requirements which R.C.2929.19(B)(3)(f) impose upon a trial court, to require that the offender not ingest or be injected with a drug of abuse and submit to random drug testing while in prison, those requirements were not intended to benefit the defendant but rather to facilitate drug testing of prisoners in state institutions by discouraging defendants who are sentenced to prison from using drugs. Because they create no substantive right, the trial court's failure to comply with the requirements of that section did not result in any prejudice to Defendant, and constitutes harmless error. State v. Arnold (Sept. 20, 2002), Clark App. No. 02CA0002, 2002-Ohio-4977; Manns, supra.
 {¶ 30} The fifth assignment of error is overruled.
 SIXTH ASSIGNMENT OF ERROR {¶ 31} "THE COURT ERRED TO DEFENDANT'S PREJUDICE BY FAILING TO PROPERLY CONSIDER DEFENDANT'S REQUEST TO WITHDRAW HIS PLEA."
 {¶ 32} Defendant argues that the trial court abused its discretion in denying his presentence motion to withdraw his guilty pleas. Specifically, Defendant complains that the trial court did not give full and fair consideration to his plea withdrawal request because the court did not hold a hearing on that matter.
 {¶ 33} In State v. Andriacco (Oct. 21, 2005), Miami App. No. 05CA3, 2005-Ohio-5572, this court observed:
 {¶ 34} "A defendant's motion to withdraw a guilty plea, made before sentencing, should be freely and liberally granted, provided the movant demonstrates a reasonable and legitimate basis for the withdrawal. State v. Xie (1992), 62 Ohio St.3d 521. The decision whether to grant or deny a presentence request to withdraw a guilty plea is a matter resting within the trial court's sound discretion. Id. Such decisions will not be disturbed on appeal absent a showing that the trial court abused its discretion; that is, acted in an unreasonable, arbitrary, unconscionable manner. Id. No abuse of discretion is demonstrated where: (1) the accused is represented by highly competent counsel, (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before entering the plea, (3) after the motion to withdraw is filed the accused is given a complete and impartial hearing on the motion, and (4) the record reveals that the trial court gave full and fair consideration to the plea withdrawal request. State v. Peterseim (1980),68 Ohio App.2d 211." (Opinion at p. 4).
 {¶ 35} Shortly before being sentenced, Defendant asked to withdraw his guilty pleas. As his reason for wanting to withdraw his pleas, Defendant told the trial court that it was his understanding that in order to be guilty of domestic violence the offender had to be living together with the victim as a spouse, and he never lived with the victim. When the trial court asked Defendant what his relationship with the victim was, Defendant candidly admitted that the victim was the mother of his daughter. The trial court then explained to Defendant that this joint parental relationship with the victim qualifies the offense as domestic violence. See: R.C. 2919.25(F)(1)(b).
 {¶ 36} Having entered pleas of guilty, Defendant is precluded from claiming on appellate review that the State's evidence was insufficient to convict him. State v. Buhrman (Sept. 12, 1997), Greene App. No. 96CA145. A plea of guilty is a complete admission of Defendant's guilt. Crim.R. 11(B)(1). In that regard Defendant indicated at the plea hearing that he understood and had reviewed with his counsel all of the elements of the charges and any possible defenses, and he further indicated his understanding that his guilty pleas constituted a complete admission that he committed these domestic violence crimes.
 {¶ 37} Defendant's sole reason for wanting to withdraw his guilty pleas was his misunderstanding regarding the nature of the relationship between Defendant and the victim that is required to constitute the offense of domestic violence. When Defendant admitted that the victim is the mother of his child, the trial court correctly pointed out that Defendant's claim lacked any legal basis because his relationship with the victim made the offense domestic violence. See: R.C. 2919.25(F)(1)(b). The trial court therefore made the necessary inquiry, and it gave full consideration to Defendant's plea withdrawal request that was required under the circumstances. Given that fact, plus the fact Defendant was represented by highly competent counsel, and was afforded a full hearing at the time he entered his guilty pleas, no abuse of discretion in denying Defendant's plea withdrawal request has been demonstrated.
 {¶ 38} The sixth assignment of error is overruled. Having sustained Defendant's fourth assignment of error, Defendant's sentence will be reversed and vacated, and the case will be remanded to the trial court for resentencing. Otherwise, the judgment of the trial court will be affirmed.
Brogan, J. and Donovan, J., concur.