[Cite as *State v. Wade*, 2015-Ohio-5171.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2015-CA-45 |
| | : | |
| v. | : | T.C. NO. 14CR779 |
| | : | |
| LUTHER E. WADE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___11th___ day of _____December_____, 2015.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

CARL BRYAN, Atty. Reg. No. 0086838, 266 Xenia Avenue, #225, Yellow Springs, Ohio 45387
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} Luther Wade pled guilty in the Clark County Court of Common Pleas to one count of aggravated burglary, a felony of the first degree. Wade was sentenced to ten years in prison and a mandatory five-year term of post-release control; he was also ordered to pay costs. Wade appeals, challenging several aspects of the sentencing

proceedings.

{¶ 2} The facts surrounding Wade's offense are not in dispute and are not relevant to this appeal. In December 2014, Wade was indicted for aggravated burglary, with a firearm specification. He entered his guilty plea to aggravated burglary on February 26, 2015; as part of the plea agreement, the firearm specification was dismissed. On March 25, 2015, the court held a sentencing hearing at which it stated:

> The Court is going to order that the defendant be sentenced to ten years in the Ohio State Penitentiary. Five years of mandatory post-release control. You could be eligible to receive earned days of credit while serving your sentence. If you're eligible, * * * you could reduce your sentence by up to 8%.
>
> Court costs will be ordered. And you will receive credit for time served in the Clark County Jail towards your sentence.

{¶ 3} The judgment entry, which was filed the same day, more fully described the consequences of any violation of post-release control. It also specified that jail-time credit was due "from November 30, 2014 until conveyance to the penitentiary system."

{¶ 4} Wade raises one assignment of error on appeal, which has four subparts.

***Post-Release Control***

{¶ 5} First, Wade argues that the trial court did not properly impose post-release control and that his sentence is therefore void.

{¶ 6} R.C. 2967.28 provides that felony prison sentences are subject to post-release control, either mandatory or discretionary, based on the nature and degree of the offense. R.C. 2967.28(B) and (C). Where post-release control may be required under

R.C. 2967.28, the trial court must notify the defendant at sentencing of the post-release control requirement and the consequences if the defendant violates post-release control. R.C. 2929.19; *State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18; *State v. Blessing*, 2d Dist. Clark No. 2011 CA 56, 2013-Ohio-392, ¶ 39.

{¶ 7} Based on his offense, Wade was subject to a mandatory five-year term of post-release control. Wade contends that the trial court did not inform him at the sentencing hearing of the details of his post-release control or the consequences of violating it, as required by R.C. 2929.19, and that, as a result, his sentence is void. The State concedes that the trial court did not inform Wade of the possible consequences of violating his mandatory post-release control at his sentencing hearing and that resentencing is required on this portion of his sentence; it rejects Wade's assertion that his entire sentence is void.

{¶ 8} We agree with the parties that the trial court did not adequately inform Wade at the sentencing hearing of the consequences of violating his post-release control. Therefore, the portion of the judgment entry imposing post-release control must be reversed, and the case must be remanded for the proper imposition of post-release control. *Blessing* at ¶ 41.

### *Drug Testing*

{¶ 9} Wade also argues that the trial court erred when it failed to advise him of the requirements, pursuant to R.C. 2929.19(B)(2)(f), that he not ingest a drug of abuse while serving his sentence and that he submit to random drug testing.

{¶ 10} We have held that the requirements which R.C. 2929.19(B)(2)(f) imposes upon a trial court are not intended to benefit the defendant, but rather to facilitate drug

testing of prisoners in state institutions by discouraging defendants who are sentenced to prison from using drugs. *State v. Cutlip*, 2d Dist. Champaign No. 2012 CA 11, 2012-Ohio-5790, ¶ 19, citing *State v. Woods,* 2d Dist. Clark No. 05 CA 63, 2006-Ohio-2325. We have also held that these requirements create no substantive rights on the part of the defendant, such that the trial court's failure to comply with the notification requirements does not result in any prejudice to the defendant and constitutes harmless error. *Id.*, citing *Woods* and *State v. Arnold,* 2d Dist. Clark No. 02 CA 02, 2002-Ohio-4977. Based on these holdings, we find Wade's argument that his sentence was void[1] due to the trial court's failure to address these requirements to be without merit.

### Jail-Time Credit

{¶ 11} Wade contends that the trial court erred in failing to state at his sentencing hearing his number of days of jail-time credit.

{¶ 12} Wade has cited no authority for the position that a trial court's failure to state the amount of jail-time credit at the sentencing hearing renders the sentence void, rather than voidable, and we are aware of none.

{¶ 13} We have held that due process requires that a defendant be given notice

---

[1] With respect to each of the alleged errors, Wade contends that it renders his sentence "void." However, "[u]nder Ohio law, there are generally 'but two reasons that a judgment is void: [the judgment] has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act.' Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." (Internal citations omitted.) *State v. Johnston*, 2d Dist. Montgomery No. 25652, 2013-Ohio-4401, ¶ 15.

Improperly imposing post-release control renders that portion of the judgment void. *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. However, Wade's other arguments do not suggest that the trial court lacked jurisdiction or the authority to act. With respect to those arguments, we will address only whether the trial court's judgment is voidable, i.e., "invalid, irregular, or erroneous."

of, and an opportunity to be heard regarding, the findings the court intends to make on jail-time credit. If an opportunity to be heard did not occur during the sentencing hearing, often because the necessary facts concerning a defendant's confinement are not then known to the court, "the court must make a delayed determination, and due process then requires that the defendant have notice of and an opportunity to be heard concerning the finding the court proposes to make." *State v. Flemings*, 2d Dist. Montgomery No. 24615, 2011-Ohio-4286, ¶ 33-34, citing *State v. Coyle,* 2d Dist. Montgomery No. 23450, 2010-Ohio-2130. In this case, the amount of jail time credit was not addressed at the sentencing hearing, and it appears that Wade did not have an opportunity to be heard on that issue at any other time.

{¶ 14} Moreover, the trial court's judgment awarded "jail credit from November 30, 2014 until conveyance to the penitentiary system." R.C. 2949.08(B) specifies, however, that "the person's conviction shall specify **the total number of days**, if any, that the person was confined" on the offense prior to his conviction and "prior to delivery to the jailer, administrator, or keeper." (Emphasis added.) "Although the [department of rehabilitation and correction] has a mandatory duty pursuant to R .C. 2967.191 to credit an inmate with the jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *Coyle* at ¶ 7, quoting *State ex rel. Rankin v. Ohio Adult Parole Auth.,* 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7; *State v. Anderson*, 2d Dist. Montgomery No. 25689, 2014-Ohio-4245, ¶ 59.

{¶ 15} Wade does not argue that the form of the trial court's order imposing jail-time credit was improper or that the amount of jail-time credit was incorrect. In our view,

however, the trial court's failure to reduce the amount of jail-time credit to a number of days, as required by R.C. 2949.08(B), coupled with the absence of any opportunity for Wade to be heard on the issue of jail-time credit, warrant remanding this matter for the court to properly address the issue.

### Community Service

{¶ 16}    Finally, Wade argues that the trial court erred in failing to notify him that he could be ordered to perform community service if he failed to pay the costs imposed by the court.

{¶ 17}  R.C. 2947.23(A)(1), which was amended in March 2013, addresses the imposition of community service upon failure to pay court costs.   It now states:

* * * **If the judge or magistrate imposes a community control sanction or other nonresidential sanction**, the judge or magistrate, when imposing the sanction, shall notify the defendant of both of the following:

(i) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule. * * * (Emphasis added.)

{¶ 18}  The law no longer requires defendants who are sentenced to prison to be advised about the possibility of being ordered to serve community control to satisfy court costs.[2]   *State v. Veal*, 2d Dist. Montgomery No. 25253, 2013-Ohio-1577, ¶ 20.   Thus,

---

[2] Whether a court has the authority to order a defendant to do anything after serving a prison sentence is not before us with these facts.   *See State v. Springs*, 2d Dist. Champaign No. 2015 CA 3, 2015-Ohio-5016.

the trial court did not err in failing to notify Wade of this provision.

**{¶ 19}** Wade's assignment of error is overruled to the extent that it addresses drug testing and community service. The assignment is sustained with respect to the imposition of post-release control and jail-time credit; the matter will be remanded for further proceedings related to these issues.

. . . . . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Ryan A. Saunders
Carl Bryan
Hon. Douglas M. Rastatter