[Cite as *State v. Martin*, 2022-Ohio-758.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-P-0057 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Municipal Court, Kent Division |
| ARLEN CHARLES MARTIN, | |
| Defendant-Appellant. | Trial Court No. 2019 CRB 01810 R |

**O P I N I O N**

Decided: March 14, 2022
Judgment: Affirmed

*Victor V. Vigluicci,* Portage County Prosecutor, and *Theresa M. Scahill,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*James R. Eskridge,* Megargel & Eskridge Co., LPA, 231 South Chestnut Street, Ravenna, OH 44266 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}   Appellant, Arlen Charles Martin, appeals from the judgment of the Portage County Municipal Court, Kent Division, denying his pre-sentence motion to withdraw his plea of no contest, entered on one count of misdemeanor assault.  We affirm.

{¶2}   On July 23, 2019, appellant was charged with one count of assault, a first-degree misdemeanor, in violation of R.C. 2903.13(A).  He initially entered a plea of "not guilty" but later changed his plea to "no contest."  After a plea colloquy, the trial court accepted his plea and found appellant guilty.  On December 30, 2019, defense counsel filed a motion for evaluation of appellant's mental condition, pursuant to R.C.

2945.371(A), asserting appellant's "actions and statements during his last interactions with counsel have given counsel reason to request [the evaluation.]" The trial court granted the motion, and after an assessment, appellant was found competent, and a sentencing hearing was scheduled.

{¶3} Appellant eventually retained a different attorney who, on June 18, 2020, filed a motion to withdraw his plea. A hearing took place at which appellant and his former counsel testified. The trial court subsequently denied the motion to withdraw and the matter proceeded to sentencing. Appellant was then sentenced to 20 days of jail time with work release and 12 months of probation. This appeal follows and appellant assigns the following as error:

{¶4} "The trial court erred when it denied appellant's motion to withdraw guilty plea where said denial was an abuse of discretion."

{¶5} Appellant argues the trial court erred in denying his motion because, in his view, the circumstances surrounding the acceptance of the plea indicated he did not enter it knowingly and intelligently. Specifically, he asserts the plea hearing was essentially "impromptu" because the record is devoid of any notice setting the matter. He notes he is 72 years old and had notable hearing loss which complicated his ability to meaningfully comprehend the proceedings. He additionally states he has significant issues with his short-term memory causing him to forget things quickly and frequently. Moreover, appellant contends he felt pressured to enter the plea and believed, by entering the plea, the judge would assess the merits of the matter and determine whether he was guilty. Notwithstanding appellant's claims, we conclude the trial court did not err in denying the motion to withdraw.

2

{¶6}     "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed * * *." Crim.R. 32.1. As a general rule, "a presentence motion to withdraw a guilty plea [or plea of no contest] should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). However, "[a] defendant does not have an absolute right to withdraw a guilty plea [or plea of no contest] prior to sentencing." *Id.* at paragraph one of the syllabus. "A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* "The decision to grant or deny a presentence motion to withdraw a plea of no contest is within the sound discretion of the trial court." *Id.* at paragraph two of the syllabus.

{¶7}     When evaluating a motion to withdraw a plea, this court has traditionally applied the four-part test formulated by the Eighth District Court of Appeals in *State v. Peterseim*, 68 Ohio App.2d 211 (8th Dist. 1980).   *See, e.g., State v. Field,* 11th Dist. Geauga No. 2011-G-3010, 2012-Ohio-5221, ¶11.  In *Peterseim*, the court observed:

> {¶8}     A trial court does not abuse its discretion in overruling a motion to withdraw 7a guilty plea: (1) where the accused is represented by competent counsel, (2) where the accused was given a full hearing, pursuant to Crim.R. 11, before he [or she] entered the plea, (3) when, after the motion to withdraw is filed, the accused is afforded a full and impartial hearing on the motion, and (4) where the record demonstrates that the court gave complete and fair consideration to the plea withdrawal request. *Peterseim*, *supra*, at paragraph three of the syllabus.

{¶9}     During the plea colloquy, appellant confirmed he was satisfied with his attorney's representation and stated he was entering the plea of no contest of his own free will.  Moreover, during the plea hearing, counsel pointed out that he reviewed the "waiver of rights" form with appellant and underscored that appellant remembered reviewing the form.  Appellant did not dispute these points at the hearing.  Moreover, the

3

trial court expressly reviewed the rights appellant was waiving by pleading "no contest" and appellant stated he understood the waiver and its consequences. The trial court additionally explained the maximum penalty for the offense to which he was entering the plea and appellant confirmed he understood the court could impose this penalty. Although there was some indication at the plea hearing that appellant had some difficulty with his hearing, he explicitly told the judge "I can hear," and the judge emphasized that he would "speak up" during the colloquy. There was nothing to suggest appellant did not hear the judge or that he had any difficulty understanding the rights he was waiving.

{¶10} Furthermore, at the hearing on the motion to withdraw, appellant testified he was aware he entered his plea freely. He additionally testified he entered the plea knowingly and intelligently; further, he confirmed it was his idea to enter the "no-contest" plea. And when asked why he was seeking to withdraw his plea, he asserted he was "angry" about being charged, felt he had a defense to the same, and had a "change of heart" since entering the plea.

{¶11} Additionally, at the motion hearing, appellant's original counsel testified he went over the police reports with appellant at least "seven or eight times." He asserted he reviewed everything provided by the state, including videos of the incident. Counsel also testified he reviewed the waiver of rights form. Counsel acknowledged appellant did not have the "greatest memory"; as a result, he filed the motion for a competency evaluation. Appellant was ultimately found competent. And counsel testified he believed appellant always understood "what was going on." Even though appellant claimed counsel was not personally available, counsel testified appellant "showed up" at his office without an appointment one time, but counsel was unavailable because he was in court.

4

Regardless, counsel stated he and appellant spoke "many, many times by phone and in person * * *."

{¶12} After the hearing, the court, in its judgment entry, highlighted many of the foregoing points and stated, after considering the testimony and exhibits, that appellant failed to meet his burden under the *Peterseim* factors. We discern no abuse of discretion.

{¶13} The record demonstrates appellant was represented by competent counsel whose assistance appellant was satisfied with at the plea hearing. Although appellant contends the hearing was "impromptu" and conducted without formal notice, appellant appeared with counsel and was given a complete and fair opportunity to be heard. In short, appellant was afforded a full and thorough plea hearing at which he knowingly, intelligently, and voluntarily waived his rights and was apprised of the penalties he would face upon the court's acceptance of his plea.

{¶14} After filing his motion to withdraw, the court conducted a hearing on the motion and the court gave full and fair consideration of appellant's request. Ultimately, even though appellant stresses his age and memory problems encumbered his ability to appreciate and/or understand the ramifications of entering the plea, there is no indication his plea was either constitutionally infirm or insufficient under the criminal rules. Further, he entered the plea of his own volition and initiative, and his decision to seek its withdrawal was premised upon a "change of heart." It is well-settled that a "change of heart" regarding a decision to enter a plea is insufficient to serve as a basis for withdrawing one's plea. *State v. Corradetti*, 11th Dist. Lake No. 2012-L-006, 2012-Ohio-5225, ¶14, citing *State v. Kimble*, 11th Dist. Trumbull No. 2005-T-0085, 2006-Ohio-6096,

¶16. Under the circumstances, the trial court's judgment denying appellant's motion was inherently reasonable and supported by the record.

{¶15} Appellant's assignment of error is without merit.

{¶16} The judgment of the Portage County Municipal Court, Kent Division, is affirmed.


THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2021-P-0057