[Cite as *State v. Tomlin*, 2026-Ohio-439.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 25CA000008 |
| Plaintiff – Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Knox County Court of Common Pleas, Case No. 25CR02-0022 |
| TARA TOMLIN | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry:February 11, 2026 |

**BEFORE:** CRAIG R. BALDWIN, P.J., KEVIN POPHAM, J, DAVID M. GORMLEY, J; Appellate Judges

**APPEARANCES:** CHARLES MCCONVILLE, NICOLE E. DERR, for Plaintiff-Appellee; TODD BARSTOW, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}    Defendant-appellant Tara Tomlin appeals from her conviction and sentence following a negotiated guilty plea entered in the Knox County Court of Common Pleas. She contends that her plea was not knowingly, intelligently, and voluntarily entered because the trial court failed to advise her that a guilty plea constitutes a complete admission of guilt and that the court could proceed immediately to judgment and sentencing. For the reasons below, we disagree.

**Facts and Procedural History**

{¶2} On February 2, 2025, Tomlin was a passenger in a vehicle stopped by the Mount Vernon Police Department. After a K-9 alerted to the presence of narcotics, officers searched the vehicle and discovered drug paraphernalia. Tomlin was arrested and, during booking, admitted that she was carrying methamphetamine on her person.

{¶3} The substance weighed approximately 18 grams—more than five times the statutory bulk amount. *Plea T. at 10.*

{¶4} On February 10, 2025, a Knox County grand jury indicted Tomlin on one count of Aggravated Possession of Drugs (methamphetamine), in an amount greater than or equal to five grams but less than fifty grams, a felony of the second degree, in violation of R.C. 2925.11(A).

{¶5} On May 29, 2025, Tomlin executed a written Crim.R. 11 plea form identifying the charge, the rights waived, the maximum penalties, and the terms of the negotiated plea. The trial court conducted a plea hearing that same day, accepted Tomlin's guilty plea, and ordered a presentence investigation. *Plea T. at 12.*

{¶6} Following review of the PSI and statements from the parties, on July 10, 2025, the trial court sentenced Tomlin to an indefinite prison term with a minimum of six years and a potential maximum of nine years.

## Assignment of Error

{¶7} "I. APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTER HER GUILTY PLEA."

## Standard of Review and Governing Law

{¶8} Criminal Rule 11 requires that a guilty plea be entered knowingly, intelligently, and voluntarily. Strict compliance is required with respect to the constitutional

rights enumerated in Crim.R. 11(C)(2)(c), while substantial compliance suffices for nonconstitutional advisements under Crim.R. 11(C)(2)(a) and (b). *State v. Veney*, 2008-Ohio-5200, ¶¶ 19, 31; *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶9} A guilty plea constitutes a complete admission of guilt. Crim.R. 11(B)(1). Advisement of this consequence is nonconstitutional and reviewed under a substantial-compliance standard. *State v. Griggs*, 2004-Ohio-4415, ¶¶ 11-12.

{¶10} When substantial compliance applies, the defendant must demonstrate prejudice—that but for the alleged error, the plea would not have been entered. *Nero* at 108; *Veney* at ¶ 15. We review compliance with Crim.R. 11 de novo. *Nero* at 108-109.

**Analysis**

{¶11} The record reflects that Tomlin's guilty plea was knowingly, intelligently, and voluntarily entered.

{¶12} Tomlin executed a written plea form, signed by both Tomlin and her counsel, which detailed the charge, the maximum penalties, and the constitutional rights she agreed to waive. A written waiver of rights is presumed valid. *State v. Clark*, 38 Ohio St.3d 252, 261 (1988).

{¶13} At the plea hearing, the trial court thoroughly advised Tomlin of her right to a jury trial, the right to confront witnesses, the privilege against self-incrimination, the state's burden of proof, and her right to compulsory process. *Plea T. at 8-9*. Tomlin affirmed that she understood these rights, the nature of the charge, and the penalties she faced. *Id. at 5-9.*

{¶14} Tomlin further confirmed that she was satisfied with counsel, had reviewed the plea agreement, and admitted the factual basis for the offense. *Id. at 10-11*. She expressly admitted guilt to Aggravated Possession of Drugs, a felony of the second degree. *Id. at 11.*

{¶15} Even assuming the trial court did not expressly state that a guilty plea is a "complete admission of guilt," Tomlin cannot establish prejudice. She admitted guilt on the record and did not assert innocence. Under these circumstances, she is presumed to have understood the effect of her plea. *Griggs,* 2004-Ohio-4415 at ¶ 19.

{¶16} Nor was Tomlin prejudiced by any failure to advise that the court could proceed immediately to judgment and sentencing. Sentencing was deferred pending a presentence investigation, and Tomlin was sentenced more than a month later. Nothing in the record suggests that this advisement would have altered her decision to plead guilty. *See State v. Woods*, 2006-Ohio-2325, ¶ 7 (2d Dist.).

{¶17} Viewed as a whole, the plea colloquy reflects careful adherence to Crim.R. 11 and establishes that Tomlin entered her plea with full awareness of its consequences.

**Conclusion**

{¶18} The record demonstrates that Tomlin's guilty plea was entered knowingly, intelligently, and voluntarily. She has failed to show prejudice arising from any alleged omission in the plea colloquy.

{¶19} Tomlin's sole assignment of error is overruled.

For the reasons stated in our Opinion, the judgment of the Knox County Court of Common Pleas is affirmed. Costs to Appellant, Tara Tomlin.

By: Popham, J.

Baldwin, P.J. and

Gormley, J., concur