[Cite as *State v. Carder*, 2026-Ohio-1061.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2025CA000022 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Knox County Court of Common Pleas, Case No. 2024-CR11-0228 |
| KEITH W. CARDER | |
| Defendant - Appellant | Judgment:  Affirmed |
| | Date of Judgment Entry:March 25, 2026 |

BEFORE:   Robert G. Montgomery, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: Charles T. McConville (Knox County Prosecuting Attorney) for Plaintiff-Appellee; Todd W. Barstow, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}   Defendant-appellant Keith W. Carder appeals from his conviction and sentence following negotiated guilty pleas entered in the Knox County Court of Common Pleas.  Carder contends that his pleas were not knowingly, intelligently, and voluntarily entered because the trial court failed to advise him that a guilty plea constitutes a complete admission of guilt and that the court could proceed immediately to judgment and sentencing.  For the reasons below, we disagree and affirm the judgment of the Knox County Court of Common Pleas.

*Facts & Procedural History*

{¶2} Between May 23 and June 11, 2024, Carder engaged in sexual conduct with A.B., who was fourteen years old when the offenses occurred. During this time, Carder was in a relationship with the victim's mother and living with the victim and her mother at a home in Knox County.

{¶3} On November 4, 2024, Carder was indicted by a Knox County Grand Jury on seven counts of corrupting another with drugs (marijuana), each count a felony of the fourth degree, in violation of R.C. 2907.03(A)(4)(a), and ten counts of sexual battery, each count a felony of the third degree, in violation of R.C. 2925.02 (A)(4)(a).

{¶4} On September 18, 2025, Carder executed a written Criminal Rule 11 plea form identifying the charges, the rights waived, the maximum penalties, and the terms of the negotiated plea. Carder agreed to plead guilty to four counts of sexual battery in exchange for the State's dismissal of the remainder of the charges. The trial court conducted a plea hearing that same day, accepted Carder's guilty pleas, and ordered a presentence investigation.

{¶5} Following a review of the PSI and statements from the parties, on October 16, 2025, the trial court sentenced Carder to a definite prison term of sixty (60) months on each count, to be served consecutively, for a total prison term of twenty (20) years. The trial court also designated Carder as a Tier III sex offender.

{¶6} Carder appeals from his conviction and sentence, and assigns the following as error:

{¶7} "I. APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTER HIS PLEAS OF GUILTY, IN VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO

THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN, OF THE OHIO CONSTITUTION."

*Standard of Review & Governing Law*

{¶8} Criminal Rule 11 requires that a guilty plea be entered knowingly, intelligently, and voluntarily. Strict compliance is required with respect to the constitutional rights enumerated in Criminal Rule 11(C)(2)(c), while substantial compliance suffices for nonconstitutional advisements under Criminal Rule 11(C)(2)(a) and (b). *State v. Veney*, 2008-Ohio-5200, ¶¶ 19, 31; *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶9} A guilty plea constitutes a complete admission of guilt. Crim.R. 11(B)(1). Advisement of this consequence is nonconstitutional and reviewed under a substantial-compliance standard. *State v. Griggs*, 2004-Ohio-4415, ¶¶ 11-12.

{¶10} When substantial compliance applies, the defendant must demonstrate prejudice – that, but for the alleged error, the plea would not have been entered. *Nero* at 108; *Veney* at ¶ 15. We review compliance with Criminal Rule 11 de novo. *Nero* at 108-109.

I.

{¶11} The record shows that Carder's guilty pleas were knowingly, intelligently, and voluntarily entered. The issues presented in this case are analogous to a recent case, *State v. Tomlin*, in which this Court affirmed the defendant's conviction and sentence. 2026-Ohio-439 (5th Dist.).

{¶12} Carder executed a written plea form, signed by both Carder and his counsel, which detailed the charges, the maximum penalties, and the constitutional rights he

agreed to waive.  A written waiver of rights is presumed valid.  *State v. Clark*, 38 Ohio St.3d 252, 261 (1988).

{¶13}  At the plea hearing, the trial court thoroughly advised Carder of his right to a jury trial, the right to confront witnesses, the privilege against self-incrimination, the state's burden of proof, and his right to compulsory process.  Carder affirmed that he understood these rights, the nature of the charges, and the penalties he faced.

{¶14}  Carder further confirmed he was satisfied with counsel, had reviewed the plea agreement, and admitted the factual bases for the offenses.  He expressly admitted guilt to four counts of sexual battery.

{¶15}  Assuming for the sake of argument the trial court did not expressly state that a guilty plea is a "complete admission of guilt," Carder cannot establish prejudice. He admitted guilt on the record and did not assert innocence.  Under these circumstances, Carder is presumed to have understood the effect of his plea. *Griggs*, 2004-Ohio-4415 at ¶ 19.

{¶16}  Nor was Carder prejudiced by any failure to advise that the court could proceed immediately to judgment and sentencing.  Sentencing was deferred pending a presentence investigation, and Carder was sentenced several weeks later.  Nothing in the record suggests that this advisement would have altered his decision to plead guilty. *Tomlin*, 2026-Ohio-439, (5th Dist.); *State v. Woods*, 2006-Ohio-2325, ¶ 7 (2nd Dist.).

{¶17}  Viewed as a whole, the plea colloquy reflects careful adherence to Criminal Rule 11 and establishes that Carder entered his pleas with full awareness of their consequences.

*Conclusion*

**{¶18}** The record demonstrates that Carder's guilty pleas were entered knowingly, intelligently, and voluntarily. Moreover, he has failed to show prejudice arising from any alleged omission in the plea colloquy. Carder's sole assignment of error is overruled.

For the reasons stated in our Opinion, the judgment of the Knox County Court of Common Pleas is affirmed.

Costs to Appellant, Keith W. Carder.

By: Popham, J.

Montgomery, P.J. and

Gormley, J., concur