[Cite as *State v. Fincher*, 2026-Ohio-822.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 25CA000006 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 25CR01-0019 |
| JOSHUA A. FINCHER | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: March 10, 2026 |

**BEFORE:** Andrew J. King; Craig R. Baldwin; David A. Gormley, Appellate Judges

**APPEARANCES:** CHARLES MCCONVILLE, NICOLE DERR, for Plaintiff-Appellee; NADINE HAUPTMAN, for Defendant-Appellant.

*King, P.J.*

{¶ 1}  Defendant-Appellant, Joshua A. Fincher, appeals his June 13, 2025 conviction and sentence from the Knox County Court of Common Pleas.  Plaintiff-Appellee is the State of Ohio.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On January 27, 2025, the Knox County Grand Jury indicted Fincher on one count of operating a vehicle while under the influence ("OVI") in violation of R.C. 4511.19, one count of driving under suspicion in violation of R.C. 4510.14, one count of failure to stop after an accident in violation of R.C. 4549.02, and one count of obstructing official business in violation of R.C. 2921.31.  The indictment specified that Fincher previously

had three OVI convictions within ten years, making this OVI count a felony of the fourth degree.

{¶ 3}   On May 15, 2025, Fincher pled guilty to the OVI count and the failure to stop count.  A sentencing hearing was held on June 12, 2025.  By sentencing entry filed June 13, 2025, the trial court sentenced Fincher to an aggregate definite term of twenty months in prison.

{¶ 4}   Fincher filed an appeal and was appointed counsel.  Thereafter, Fincher's attorney filed an *Anders* brief under *Anders v. California*, 386 U.S. 738 (1967).  In *Anders,* the United States Supreme Court held that if, after a conscientious examination of the record, the defendant's counsel concludes that the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw.  *Id.* at 744.  Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal*.  Id.*  Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses.  *Id.*  Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist.  If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires.  *Id.*

{¶ 5}   On November 4, 2025, Fincher's counsel filed a motion to withdraw and indicated she sent Fincher a copy of the motion and the *Anders* brief.  By judgment entry filed November 7, 2025, this court noted counsel had filed an *Anders* brief and indicated

to the court that she had served Fincher with the brief. Accordingly, this court notified Fincher via certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of this entry." Fincher did not do so.

{¶ 6} The matter is now before this court for consideration of counsel's *Anders* brief. Counsel urges this court to review the following:

I

{¶ 7} "TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEAS PURSUANT TO CRIM.R. 11 AND ERRED IN SENTENCING HIM."

II

{¶ 8} "TRIAL COUNSEL WAS INEFFECTIVE."

I

{¶ 9} In the potential first assignment of error, counsel suggests the trial court erred in accepting Fincher's guilty pleas and erred in sentencing him. We disagree.

PLEA

{¶ 10} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109 (1990); *State v. Groves*, 2019-Ohio-5025, ¶ 7 (5th Dist.).

{¶ 11} Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim.R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C), and strictly comply with the constitutional notifications. *State v. Ballard*, 66 Ohio St.2d 473, 475 (1981), citing *State v. Stewart*, 51 Ohio St.2d 86 (1977); *State v. Veney*, 2008-Ohio-5200, ¶ 31.

{¶ 12} As to the constitutional notifications, before accepting a plea, a trial court must inform a defendant that by entering a plea, the defendant waives important constitutional rights, specifically: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the privilege against compulsory self-incrimination; (4) the right to compulsory process to obtain witnesses; and (5) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial. *Veney* at ¶ 19. If the trial court fails to strictly comply with these requirements, then the defendant's plea is invalid. *Id.* at ¶ 31.

{¶ 13} As to the non-constitutional rights, a trial court must notify a defendant of: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a) and (b); *Veney* at ¶ 10-13.

{¶ 14} For these non-constitutional rights, the trial court must substantially comply with the mandates of Crim.R. 11. *Nero*, 56 Ohio St.3d at 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15.

{¶ 15} We have reviewed the transcript of Fincher's plea and find it reflects the trial court's strict compliance with each constitutional notification requirement and its substantial compliance with each non-constitutional notification requirement. May 15, 2025 T. at 4-10. The trial court notified Fincher of the charges and the possible penalties.

*Id.* at 4, 6-8. Fincher indicated he understood the implications of his pleas and the rights he was waiving. *Id.* at 8-10.

{¶ 16} Fincher did not ask any questions or express any confusion as to the charges and the possible sentence. When asked if he had been promised anything in order to enter the plea of guilty, Fincher responded in the negative. *Id.* at 5. He agreed he was satisfied with the advice and assistance he received from his defense counsel. *Id.* at 6. Following the colloquy on giving up his constitutional rights, Fincher pled guilty to the OVI count and the failure to stop count. *Id.* at 11. The trial court found Fincher "has made a knowing, intelligent, and voluntary waiver" of his rights and he "understands the nature of the charges, the effect of his plea, as well as the maximum penalties which may be imposed." *Id.* at 12. We do not find any evidence to the contrary.

SENTENCE

{¶ 17} As for Fincher's sentence, this court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The

appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 18} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 19} Nothing in R.C. 2953.08(G)(2) permits this court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court "concerning the sentence that best reflects compliance with R.C. 2929.11 [purposes and principles of felony sentencing] and 2929.12 [seriousness and recidivism factors]." *State v. Jones*, 2020-Ohio-6729, ¶ 42. The Supreme Court of Ohio clarified that the holding in *Jones* should not be "construed as prohibiting appellate review of a sentence when the claim is that the sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *State v. Bryant*, 2022-Ohio-1878, ¶ 22. "Accordingly, when a trial court imposes a

sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.*

{¶ 20} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.'" *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), *rev'd on other grounds, State v. Morris*, 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).  "Under established law, a 'trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.'"  *State v. Sullens*, 2022-Ohio-2305, ¶ 15 (5th Dist.), quoting *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.).  "There is no explicit requirement for a trial court to memorialize the specific factors it considered in its journal entry."  *State v. Halasz*, 2025-Ohio-3072, ¶ 15 (8th Dist.), citing *State v. Hodges*, 2013-Ohio-5025, ¶ 13-14 (8th Dist.).

{¶ 21} During the plea colloquy, Fincher was advised of the possible penalties. May 15, 2025 T. at 6-8.  After Fincher was properly notified of his Crim.R. 11 rights, he pled guilty to a felony of the fourth degree and a misdemeanor in the first degree.  *Id.* at 11.  Under R.C. 4511.19(G)(1)(d)(i), a fourth-degree felony OVI (with three OVI convictions in the past ten years) is punishable by a definite prison term "that shall be not less than six months and not more than thirty months."  Under R.C. 2929.24(A)(1), a misdemeanor of the first degree is punishable by "not more than one hundred eighty days."  The trial court sentenced Fincher to twenty months on the felony and one hundred sixty days on the misdemeanor, to be served concurrently.  June 12, 2025 T. at 7.  The

sentences are within the statutory ranges for a fourth-degree felony and a first-degree misdemeanor.

{¶ 22} During the hearing and in the sentencing entry, the trial court noted its consideration of the principles and purposes of sentencing under R.C. 2929.11, the balance of seriousness and recidivism factors under R.C. 2929.12, and the presentence investigation report. *Id.* at 6; Sentencing Entry filed June 13, 2025.

{¶ 23} The trial court notified Fincher of postrelease control and his right to appeal. May 15, 2025 T. at 7-9; June 12, 2025 T. at 7-8; Sentencing Entry filed June 13, 2025.

{¶ 24} Upon review of the record, we find the trial court properly informed Fincher of the consequences of his pleas, properly considered the factors set forth in R.C. 2929.11 and R.C. 2929.12, imposed a sentence within the permissible statutory ranges, and properly imposed postrelease control; there is nothing in the record to indicate the trial court imposed the sentence based on impermissible considerations. Fincher's sentence is therefore not clearly and convincingly contrary to law.

II

{¶ 25} In the potential second assignment of error, counsel suggests Fincher's defense counsel was ineffective. We disagree.

{¶ 26} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. Fincher must establish the following:

> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective

standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶ 27} There is nothing in the appellate brief to suggest ineffective assistance of counsel. In our review of the record, we do not find anything to indicate that defense counsel's performance has proved to have fallen below an objective standard of reasonable representation. Fincher stated he was satisfied with his defense counsel. May 15, 2025 T. at 6. During the plea hearing, defense counsel clarified the prosecutor's recitation of the facts and advocated for Fincher to receive mental health treatment. *Id.* at 11, 13. During the sentencing hearing, defense counsel once again argued Fincher's mental health struggles and the recent tragedies and hardships in his life. June 12, 2025 T. at 5. Defense counsel made proper arguments to the trial court on Fincher's behalf.

{¶ 28} "*Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit. . . . An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2d Dist.).

{¶ 29} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 30} For the reasons stated in our accompanying Opinion, the judgment of the Knox County Court of Common Pleas is AFFIRMED.

{¶ 31} Costs to Appellant.

By: King, P.J.

Baldwin, J. and

Gormley, J. concur.