[Cite as *State v. Kirven*, 2026-Ohio-1527.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO,<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>BILLIE JO KIRVEN,<br><br>    Defendant - Appellant | Case No. 25 CAA 10 0089<br>       25 CAA 10 0090<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Delaware County Court of Common Pleas, Case Nos. 25 CR I 05 0340 and 24 CR I 12 0754<br><br>Judgment: Affirmed<br><br>Date of Judgment Entry: April 28, 2026 |

**BEFORE:** William B. Hoffman; Craig R. Baldwin; Robert G. Montgomery, Judges

**APPEARANCES:** MELISSA A. SCHIFFEL, Prosecuting Attorney, KATHERYN L. MUNGER, Assistant Prosecuting Attorney, for Plaintiff-Appellee; FELICE L. HARRIS, for Defendant-Appellant.

*Baldwin, J.*

{¶1}   The appellant, Billie Kirven, appeals the judgment of the Delaware County Court of Common Pleas following her guilty pleas in cases 24 CR I 12 0754 and 25 CR I 05 0340. The appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2}   In case 24 CR I 12 0754, the appellant was charged with Assault on a Law Enforcement Officer and Operating a Motor Vehicle under the Influence. Pursuant to a plea agreement, the appellant agreed to enter a plea of guilty to a misdemeanor Assault and OVI.

**{¶3}** In case 25 CR I 05 0340, the appellant was also charged with Assault, Obstructing Official Business, two counts of Harassment with a Bodily Substance, and Assault on a Law Enforcement Officer. Pursuant to a plea agreement, the appellant agreed to enter a plea of guilty to Assault, Obstructing Official Business, one count of Harassment with a Bodily Substance, and Assault on a Law Enforcement Officer. One count of Harassment with a Bodily Substance was dismissed.

**{¶4}** On August 6, 2025, the trial court held a consolidated change of plea hearing. The trial court placed the appellant under oath, reviewed her background, confirmed she could read and understand English, confirmed she felt alert and clear-headed, and reviewed the negotiated plea agreement with her in detail.

**{¶5}** During the hearing, the appellant repeatedly acknowledged the plea agreement as stated by the court, confirmed she wanted to plead guilty to the enumerated charges, and acknowledged that a guilty plea constituted a complete admission of guilt. The trial court also reviewed the indictments, the nature of the charges, and the underlying facts. When the appellant indicated she did not remember portions of the incidents, counsel and prosecutor supplied clarifications from discovery and video evidence.

**{¶6}** The trial court then questioned the appellant regarding voluntariness, whether anyone had forced her to plead guilty, whether any promises had been made outside the plea agreement, whether she had adequate time to consult with counsel, whether she had reviewed discovery, and whether she had discussed with counsel her rights and the possibility of proceeding to trial.

{¶7} The trial court next explained the potential penalties for each offense, including possible jail and prison terms, fines, the possibility of consecutive sentences, post-release control, and community-control consequences.

{¶8} The trial court then advised the appellant of the constitutional rights she would waive by pleading guilty, including the right to jury trial, the State's burden to prove guilt beyond a reasonable doubt, the right to confront witnesses, the right to compulsory process, and the right against compelled self-incrimination. The requirements for felony plea colloquies are set out in Crim.R. 11(C)(2), and Ohio law requires strict compliance with the constitutional advisements in Crim.R. 11(C)(2)(c).

{¶9} After completing the colloquy, the court confirmed the appellant had reviewed and understood the written plea form, had signed it voluntarily, had no unanswered questions, and did not need additional time to consult with counsel. The court then found the appellant had made knowing, intelligent, and voluntary pleas, accepted the pleas, and found her guilty of the offenses set forth above. The court ordered a presentence investigation and later imposed sentence.

{¶10} The appellant filed a timely notice of appeal and raised the following two assignments of error:

{¶11} "I. THE TRIAL COURT COMMITTED PLAIN ERROR AND VIOLATED APPELLANT'S RIGHTS TO PROCEDURAL DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS WHEN IT CONVICTED AND SENTENCED HER WITHOUT FIRST ACCEPTING A PLEA."

{¶12} "II. APPELLANT'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE, IN VIOLATION OF CRIM.R. 11 AND THE DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTIONS."

## I.

{¶13} In her first assignment of error, the appellant argues that the trial court failed to obtain and accept guilty pleas before entering findings of guilt. We disagree.

### STANDARD OF REVIEW

{¶14} Crim.R. 11 requires that guilty pleas be made knowingly, intelligently, and voluntarily. While literal compliance with Crim.R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional rights set forth in Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475 (1981), citing *State v. Stewart*, 51 Ohio St.2d 86 (1977).

{¶15} The constitutional rights of which a defendant must be informed are referenced in Crim.R. 11(C)(2)(c), and are as follows: (1) a jury trial; (2) confrontation of witnesses against her; (3) the compulsory process for obtaining witnesses in her favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against herself. *State v. Veney*, 2008-Ohio-5200, ¶19. If the trial court fails to strictly comply with the Crim.R. 11(C) requirements relative to these particular constitutional rights, the defendant's plea is invalid. *Id.* at ¶31.

{¶16} The non-constitutional rights of which a defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment, and sentencing. Crim.R. 11(C)(2)(a) and (b); *Veney* at ¶10-13; *State v. Sarkozy*, 2008-Ohio-509, ¶19-26.

**{¶17}** When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109 (1990).

## ANALYSIS

**{¶18}** The appellant argues she did not enter a valid plea because the trial court did not ask, "How do you plead?" The record does not support the appellant's position.

**{¶19}** The transcript reflects that the trial court personally reviewed the plea agreement with the appellant and asked if the agreement, as described, was her understanding. The appellant answered affirmatively. The trial court then stated that it understood the appellant wanted to plead guilty to the listed charges and asked whether that was what she wanted to do. The appellant answered, "Yes, sir." The trial court further asked if she wanted to plead guilty to the enumerated charges that day, and the appellant again responded affirmatively.

**{¶20}** The trial court also advised the appellant that a guilty plea was a complete admission of guilt and asked if she understood that. The appellant responded that she did. The court later reviewed the written plea form with the appellant, confirmed she had gone through it with counsel, read and understood it, and signed it voluntarily. Finally, after completing the colloquy, the court expressly found the appellant had made a knowing, intelligent, and voluntary plea, accepted the plea, and imposed findings of guilt.

**{¶21}** The appellant's claim that no plea was entered elevates form over substance. Crim.R. 11 requires the trial court to ensure the defendant personally makes a voluntary and informed plea, but it does not require a ritualistic incantation so long as the record demonstrates the plea was actually made and accepted. *State v. Hunter*, 2017-Ohio-201, ¶7 (5th Dist.), quoting *Stewart* at 93. This Court has repeatedly explained that exact

wording is not always necessary when the record otherwise reflects compliance with governing law, particularly outside the constitutional-right advisements. *State v. Fincher*, 5th Dist. 2026-Ohio-822, ¶15 (5th Dist.).

{¶22} In the case at bar, the appellant personally confirmed she wanted to plead guilty, acknowledged the effect of her guilty pleas, confirmed the written plea form, and the court expressly accepted the pleas on the record. We therefore find the trial court did not convict the appellant without first accepting a plea.

{¶23} The appellant's first assignment of error is overruled.

## II.

{¶24} In her second assignment of error, the appellant argues her pleas were not knowingly, intelligently, and voluntarily entered because the trial court placed her under oath and questioned her about the facts before completing the Crim.R. 11 constitutional advisements. We disagree.

### STANDARD OF REVIEW

{¶25} Again, Crim.R. 11 requires that guilty pleas to be made knowingly, intelligently, and voluntary. While literal compliance with Crim.R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional rights set forth in Crim.R. 11(C). *Ballard* at 475, citing *State v. Stewart*, 51 Ohio St.2d 86 (1977).

{¶26} The constitutional rights of which a defendant must be informed are referenced in Crim.R. 11(C)(2)(c), and are as follows: (1) a jury trial; (2) confrontation of witnesses against her; (3) the compulsory process for obtaining witnesses in her favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot e compelled to testify against herself. *Veney* at ¶19. If the trial

court fails to strictly comply with the Crim.R. 11(C) requirements relative to these particular constitutional rights, the defendant's plea is invalid. *Id.* at ¶31.

{¶27} The non-constitutional rights of which a defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment, and sentencing. Crim.R. 11(C)(2)(a) and (b); *Veney* at ¶10-13; *Sarkozy* at ¶19-26.

{¶28} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *Nero* at 108-109.

### ANALYSIS

{¶29} While the best practice is to complete the Crim.R. 11 advisements before engaging a defendant under oath in an extended discussion of the factual basis for the plea, the issue before this Court is whether the appellant's pleas were constitutionally adequate. We find they were.

{¶30} First, the trial court ultimately gave all required constitutional advisements before accepting the appellant's pleas. The court advised the appellant that she had the right to proceed to a jury trial, that the State bore the burden to prove her guilt beyond a reasonable doubt, that she had the right to confront and cross-examine witnesses, the right to compulsory process, and the right not to be compelled to testify against herself. The appellant confirmed she understood those rights and that by pleading guilty, she was giving them up. Those are the constitutional advisements required by Crim.R. 11(C)(2)(c).

{¶31} Second, the record reflects an extensive inquiry into voluntariness and understanding. The court confirmed the appellant's educational background, ability to understand English, alertness, and the absence of impairment affecting her ability to make decisions. The court asked whether anyone was forcing her to plead guilty, whether anyone had promised her anything beyond the plea agreement, and whether the decision was voluntary. The appellant answered appropriately and consistently.

{¶32} Third, the court confirmed that the appellant had sufficient time to consult with counsel, had reviewed discovery, had discussed her rights and the possibility of trial, was satisfied with counsel, and did not need any further time to talk to counsel before entering the pleas.

{¶33} Fourth, the trial court explained in detail the possible penalties for each offense, including the mandatory OVI sanctions, the possible prison terms for the felony counts, the possibility of consecutive sentencing, post-release control, and community-control consequences. The appellant repeatedly indicated she understood.

{¶34} Fifth, the court reviewed the written plea document with the appellant after the constitutional-rights advisements, and the appellant confirmed she had reviewed it with counsel, read and understood it, and signed it voluntarily. The written plea form itself stated that the appellant wished to withdraw her former pleas of not guilty and enter pleas of guilty to the specified offenses. The use of a written plea form does not substitute for the oral colloquy required by Crim.R. 11, but it may reinforce that the plea was knowing, intelligent, and voluntary when considered together with the oral colloquy. Ohio appellate courts, including the Fifth District, routinely consider the written plea form as part of the totality of the circumstances.

**{¶35}** The appellant emphasizes the court's questioning about the underlying facts before the constitutional advisements. We acknowledge the concern. At several points, the appellant stated she did not remember the incidents well and that some of her understanding came from video evidence. Counsel also interjected to clarify certain conduct. But none of that demonstrates that the appellant failed to understand the rights she later waived or that her decision to plead guilty was involuntary.

**{¶36}** Importantly, the court did not accept the pleas until after the constitutional-rights advisements were completed and after the appellant had confirmed her understanding of those rights, the written plea form, and her decision to plead guilty. This distinguishes the case from a record where guilt is found before the Crim.R. 11(C)(2)(c) advisements are given.

**{¶37}** Considering the totality of the plea hearing, we find the appellant's pleas were knowing, intelligent, and voluntary. While the sequence of the factual inquiry was unconventional, the appellant has not demonstrated that the trial court failed to comply with the constitutional requirements of Crim.R. 11 or that her pleas were otherwise invalid.

**{¶38}** The appellant's second assignment of error is overruled.

## CONCLUSION

{¶39} For the foregoing reasons, the judgment of the Delaware County Court of Common Pleas is affirmed.

{¶40} Costs to the appellant.

By: Baldwin, J.

Hoffman, J. and

Montgomery, P.J. concur.