[Cite as *State v. Steele*, 2026-Ohio-2162.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
KNOX COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. 26CA000001 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Knox County Court of Common Pleas, Case No. 25CR06-0098 |
| PAUL A. STEELE | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: June 9, 2026 |

**BEFORE:** William B. Hoffman; Craig R. Baldwin; Kevin W. Popham, Judges

**APPEARANCES:** Charles T. McConville, Nicole E. Derr, Knox County Prosecutor, for Plaintiff-Appellee; Todd W. Barstow, for Defendant-Appellant.

*Hoffman, P.J.*

{¶1} Defendant-appellant Paul A. Steele appeals the January 22, 2026 Sentencing Entry entered by the Knox County Court of Common Pleas, which sentenced him on one count of domestic violence after the trial court found him guilty upon acceptance of his guilty plea to the same. Plaintiff-appellee is the State of Ohio. We affirm the trial court.

STATEMENT OF THE CASE

{¶2} On June 2, 2025, the Knox County Grand Jury indicted Appellant on one count of domestic violence, in violation of R.C. 2919.25(A), a felony of the fourth degree. Appellant appeared before the trial court for arraignment on June 4, 2025, and entered a plea of not guilty to the charge. Appellant was released on a personal recognizance bond, subject to the conditions of the Pretrial Release Program.

{¶3} After Appellant failed to comply with the conditions of the Pretrial Release Program, the trial court issued a warrant for his arrest. Appellant was arrested on September 7, 2025. The trial court re-established bond, which continued to be subject to the conditions of the Pretrial Release Program. On December 16, 2025, Appellant was once again arrested for failing to comply. The trial court again re-established bond, subject to the conditions of the Pretrial Release Program. After a number of continuances, the trial court scheduled the matter for trial on February 10, 2026.

{¶4} The trial court scheduled the matter for a change of plea hearing on January 21, 2026. On that day, Appellant appeared before the trial court, withdrew his former plea of not guilty, and entered a plea of guilty to an amended count of domestic violence, in violation of R.C. 2919.25(A), a misdemeanor of the first degree. The parties waived a presentence investigation. Following a Crim. R. 11 colloquy, the trial court accepted Appellant's plea and found him guilty. The trial court immediately proceeded to sentencing. The trial court ordered Appellant to serve 150 days in the Knox County Jail with credit for 45 days served. The trial court memorialized Appellant's sentence via Sentencing Entry filed January 22, 2026.

{¶5} It is from this entry Appellant appeals, raising as his sole assignment of error:

APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTER HIS PLEAS OF GUILTY, IN VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION. (R. ENTRY 1/22/26; T. 1/21/26).

I

**{¶6}** A criminal defendant's choice to enter a guilty plea is a serious decision. *State v. Clark*, 2008-Ohio-3748, ¶ 25. Due process requires a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid. *Id*.

**{¶7}** "Crim.R. 11 sets forth the procedural requirements to which a trial court must adhere in order for guilty pleas, and resulting waivers of constitutional rights, to be valid." (Internal quotations and citations omitted.) *State v. Scott*, 2025-Ohio-1244, ¶ 17 (4th Dist.). The rule "ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made." *State v. Stone*, 43 Ohio St.2d 163, 168 (1975).

**{¶8}** Appellant pled guilty to, and was convicted of, one count of domestic violence, in violation of R.C. 2919.25(A), a misdemeanor of the first degree. This conviction was not only a misdemeanor, but also a petty offense. A "petty offense" is defined as "any misdemeanor for which the maximum penalty pursuant to state law is imprisonment for six months or less." Crim.R. 2(D). "In accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant

only of the effect of the specific plea being entered." *State v. Jones*, 2007-Ohio-6093, paragraph one of syllabus, construing Crim.R. 11(E).

{¶9} This Court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11. *State v. Willard*, 2021-Ohio-2552, ¶ 51 (11th Dist.). In reviewing a plea colloquy, the focus is not "on whether the trial judge has '[incanted] the precise verbiage' of the rule, *State v. Stewart*, 51 Ohio St.2d 86, 92 (1977), but on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." *State v. Dangler*, 2020-Ohio-2765, ¶ 12. For this reason, a reviewing court will not reverse a conviction on appeal unless "an error occurred in the trial-court proceedings and . . . [the defendant] was prejudiced by that error." *Id*. at ¶ 13.

{¶10} Appellant contends "the trial court failed to discuss with Appellant that the effect of his guilty plea was a complete admission of guilt" and "failed to discuss with him that it could proceed immediately to sentencing upon the acceptance of his plea." Brief of Appellant at p. 2.

{¶11} A guilty plea constitutes a complete admission of guilt. Crim.R. 11(B)(1). "Advisement of this consequence is nonconstitutional and reviewed under a substantial-compliance standard." *State v. Carder*, 2026-Ohio-1061, ¶ 9 (5th Dist.), citing *State v. Griggs*, 2004-Ohio-4415, ¶¶ 11-12. When substantial compliance applies, the defendant must demonstrate prejudice— but for the alleged error, the plea would not have been entered. *Id*. at ¶ 10, citing *State v. Veney*, 2008-Ohio-5200, ¶ 15; *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶12} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Veney*, 2008-Ohio-5200 at ¶ 15.

{¶13} A review of the transcript of the change of plea hearing reveals the trial court strictly complied with each constitutional notification requirement and substantially complied with each non-constitutional notification requirement. Specifically, the record reflects the trial court advised Appellant a guilty plea was a complete admission of guilt.

{¶14} Prior to the State providing a statement of the facts giving rise to the Indictment, the trial court addressed Appellant, as follows:

> I'm going to ask the State to put on a brief statement of the facts, and then, Mr. Steele, I'll ask you if you admit to the facts, and by doing so, if you admit to your guilt to the charge.
>
> Transcript of January 21, 2026 Change of Plea Hearing at p. 10.

{¶15} Upon conclusion of the State's recitation of the facts, the trial court continued:

> THE COURT: All right. Mr. Steele, did you hear the facts stated by [the Prosecutor]?
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: And do you admit to those facts?
>
> [APPELLANT]: Yes, sir.

THE COURT: And by admitting to the facts, do you admit to your guilt to the charge of domestic violence, a Misdemeanor of the First Degree?

[APPELLANT]: Yes, sir.

*Id.* at pp. 10-11.

**{¶16}** The trial court reviewed the written plea agreement with Appellant after the constitutional rights advisements, and Appellant confirmed he had reviewed it with counsel, read and understood it, and signed it voluntarily. "The use of a written plea form does not substitute for the oral colloquy required by Crim.R. 11, but it may reinforce that the plea was knowing, intelligent, and voluntary when considered together with the oral colloquy." *State v. Kirvin*, 2026-Ohio-1527, ¶ 34 (5th Dist.) "Ohio appellate courts, including the Fifth District, routinely consider the written plea form as part of the totality of the circumstances." *Id.*

**{¶17}** We further find the record belies Appellant's assertion the trial court failed to advise him it could proceed immediately to sentencing upon the acceptance of his plea. After finding Appellant guilty, the trial court asked Attorney Erica Young, counsel for Appellant, if Appellant was prepared to proceed with sentencing. Attorney Young answered in the affirmative. The trial court addressed Appellant:

THE COURT: All right. Mr. Steele, you have the right to have a Presentence Investigation prepared in your case, it requires a background investigation interview, I would set sentencing for a date in the future or you can proceed to sentencing today, if you waive your right to a Presentence Investigation, is that what you would like to do?

[APPELLANT}: Yes, sir.

Tr. at p. 12.

{¶18} The trial court immediately announced Appellant's sentence. Appellant waived his right to the presentence investigation and report. It is well established, in a misdemeanor case, a presentence investigation report is not mandatory. (Internal quotations and citation omitted.) *State v. Doty*, 2019-Ohio-917, ¶ 14 (12th Dist.). A defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11. *Nero*, 56 Ohio St.3d at 108. The test for prejudice is "whether the plea would have otherwise been made." *Id*. Appellant has failed to provide any argument to establish he was prejudiced by the trial court's failure to order a presentence investigation. A blanket claim of prejudice is not sufficient.

**{¶19}** Based upon the foregoing, Appellant's sole assignment of error is overruled.

**{¶20}** The judgment of the Knox County Court of Common Pleas is affirmed.

**{¶21}** Costs to Appellant.

By: Hoffman, P.J.

Baldwin, J. and

Popham, J. concur.